1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER JAMES CASTANEDA, | ) Case No.: 1:15-cv-00889 - JLT |
| Plaintiff, | ) ORDER TO PLAINTIFF TO SHOW CAUSE WHY |
| v. | ) THE ACTION SHOULD NOT BE DISMISSED |
| COMMISSIONER OF SOCIAL SECURITY, | ) FOR FAILURE TO PROSECUTE AND COMPLY |
| Defendant. | ) WITH THE COURT'S ORDER |

Plaintiff Christopher James Castaneda seeks judicial review of the administrative decision to deny his application for benefits arising under Title II of the Social Security Act.  (Doc. 1.)  On June 17, 2015, the Court determined that it appeared Plaintiff's request for judicial review failed to comply with the time limitations of 42 U.S.C. § 405(g).  (Doc. 4 at 3-4.)  Therefore, the Court dismissed the complaint to give Plaintiff an opportunity to state "whether he requested an extension of time from the Appeals Council or, in the alternative, to allege facts that support the tolling of the statute of limitations."  (*Id.* at 4.)  Plaintiff was ordered to file an amended complaint within 14 days of the date of service, or no later than July 1, 2015.  (*Id.* at 5.)  To date, Plaintiff has failed to file his First Amended Complaint or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, within 14 days Plaintiff is **ORDERED** to show cause why the action should not be dismissed for his failure comply with the Court's order, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   __**July 10, 2015**__                                  _____**/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE