UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES CASTANEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:15-cv-00889 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

Plaintiff Christopher James Castaneda initiated this action by filing a complaint for judicial review of the decision to deny his application for Social Security benefits on June 10, 2015. (Doc. 1) However, Plaintiff has failed to prosecute this action or comply with the Court's orders. Therefore, the Court recommends the action be **DISMISSED**.

I.    **Procedural History**

On June 17, 2015, the Court observed that it appeared Plaintiff's request for judicial review failed to comply with the time limitations of 42 U.S.C. § 405(g). (Doc. 4 at 3-4) Therefore, the Court dismissed the complaint to give Plaintiff an opportunity to state "whether he requested an extension of time from the Appeals Council or, in the alternative, to allege facts that support the tolling of the statute of limitations." (*Id.* at 4) Because Plaintiff failed to file an amended complaint, the Court ordered Plaintiff to show cause why the action should not be dismissed or, in the alternative, to file an amended

1

complaint.  (Doc. 5)

The Court warned Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules."  (Doc. 5 at 2) Plaintiff was to file a response within fourteen days of the date over service, or no later than July 24, 2015.  (*Id.*) To date, Plaintiff has failed to respond to the Court's orders.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  The risk of prejudice to the defendant also weighs in

favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff failed to demonstrate his request for judicial review was timely or that the Court has jurisdiction over the action because he did not file a complaint until June 10, 2015, when the complaint should have filed no later than May 31, 2015. (Doc. 4 at 3-4, citing 42 U.S.C. § 405(g); *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming judgment in favor of Commissioner where the claimant missed the statute of limitations by one day)). The Court warned Plaintiff that failure to allege facts that support the tolling of the statute of limitations "will result in a recommendation that the matter be dismissed." (*Id.* at 4)  Further, the Court warned Plaintiff that an action may be dismissed "based upon a party's failure to prosecute an action or failure to obey a court order…" (Doc. 5 at 2)

The warnings to Plaintiff that dismissal would result from his noncompliance with the Court's orders satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.    Order**

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to this action.

**V.    Findings and Recommendations**

Plaintiff has failed to prosecute this action and failed to comply with the Court's orders dated June 17, 2015 (Doc. 4) and July 10, 2015 (Doc. 5).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk of Court be DIRECTED to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 29, 2015**                                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE